JOHN DUNSBACK v. STEPHEN COLLAR AND EMMA L. COLLAR.

*Equity pleading—Bill in aid of execution.*

A bill filed in aid of execution, which charges that the judgment debtor "has no real or personal estate liable to levy and sale, except the premises aforesaid, on which the sheriff could make a levy," the land having been fully described in the bill, sufficiently states his insolvency.

Appeal from Ingham. (Person, J.) Argued April 19, 1893. Decided June 1, 1893.

Bill in aid of execution. Defendants appeal. Decree affirmed. The facts are stated in the opinion.

*Arthur D. Prosser,* for complainant.

*L. T. Hemans (J. P. Lee,* of counsel), for defendants.

LONG, J. This bill was filed in aid of two executions. Levies were made under the executions upon certain real estate which the defendant Stephen Collar had transferred to his wife, Emma L., by deed of warranty, prior to the time the judgments were obtained, but after the time the debts for which the judgments were rendered accrued. It was claimed by the bill that the deed was without consideration, and made to defraud creditors. The court below entered a decree in favor of complainant, from which the defendants appeal.

The only contention made in this Court is that the complainant did not make a case by his bill showing that Stephen Collar was insolvent, or by his proofs show that the land in question was all the property possessed by Stephen Collar liable to execution. The bill alleges that—

"Stephen Collar has no real or personal estate liable to levy and sale, except the premises aforesaid, on which the sheriff could make a levy."

The lands had been fully described in the bill. We think the bill sufficiently stated the insolvency of Collar. It is stated that this was all the property he had liable to execution, and that the deed was made to hinder, delay, and defraud creditors. The proofs amply support the bill in this regard.

The decree of the court below must be affirmed, with costs.

The other Justices concurred.